## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE B. LOWE, | ) |
| | ) |
| Plaintiff, | )   2:19-cv-00980-RJC |
| | ) |
| vs. | ) |
| | ) |
| CSENGE ADVISORY GROUP, ROGER P. | ) |
| BEDILLION,  AMERICAN GENERAL | ) |
| LIFE INSURANCE COMPANY,  THE | ) |
| GUARDIAN LIFE INSURANCE | ) |
| COMPANY OF AMERICA,  PARK | ) |
| AVENUE SECURITIES LLC,  FSC | ) |
| SECURITIES CORPORATION, | ) |
| RELIASTAR LIFE INSURANCE | ) |
| COMPANY,  VOYA FINANCIAL | ) |
| SERVICES COMPANY,  VOYA | ) |
| FINANCIAL, INC.,  VOYA FINANCIAL | ) |
| PARTNERS, LLC, MARTIN VALENTIC, | ) |
| LIFETIME FINANCIAL GROWTH, LLC, | ) |
| ROBERT W. BAIRD & CO. INC.,  W.L. | ) |
| LYONS, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM ORDER OF COURT

Before the Court is the Response to Order to Show Cause (ECF No. 115) filed by Plaintiff

Marie B. Lowe ("Lowe").  On September 21, 2020, this Court issued an Order of Court (ECF No.

114) which granted in part the Motions to Dismiss filed in this action by Defendants: (1) J.J.B.

Hilliard, W.L. Lyons, LLC, and Robert W. Baird and Co. (collectively, "Hilliard") (ECF No. 62);

(2) Voya Financial, Inc. f/k/a ING U.S., Inc., Voya Financial Partners, LLC, and Voya Financial

Services Company,   (collectively, "Voya") (ECF No. 77); and (3) ReliaStar Life Insurance

Company ("ReliaStar") (ECF No. 79).  Specifically, the Court granted these Motions to Dismiss

to the extent that they sought dismissal of Lowe's claims for federal securities fraud against

1

Hilliard, ReliaStar, and Voya at Count X of Lowe's operative First Amended Complaint (the "Complaint"), and dismissed Lowe's claims for federal securities fraud against Hilliard, ReliaStar, and Voya with prejudice.  In dismissing these claims, the Court noted in its Memorandum Opinion (ECF No. 113) of the same date that its holding with respect to Hilliard, ReliaStar, and Voya is seemingly equally applicable to Lowe's claim for federal securities fraud (Count IX) against Defendant Roger P. Bedillion ("Bedillion").  In its September 21, 2020 Order, the Court directed Lowe to show good cause, by no later than September 28, 2020, as to why Lowe's claim for federal securities fraud against Bedillion at Count IX should not also be dismissed with prejudice.

"While sua sponte dismissals for failure to state a claim upon which relief can be granted 'should be dispensed sparingly,' sua sponte dismissals may be appropriate where the party's claim is 'patently meritless and beyond all hope of redemption.'"  *Dunk Rizzo v. Carty*, No. ST-09-CV-136, 2014 WL 1863517, at *1 (V.I. Super. Apr. 28, 2014) (quoting *Gonzalez–Gonzalez v. U.S.*, 257 F.3d 31, 33 (1st Cir. 2001); *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)).  The Third Circuit has explained that "[g]enerally, a district court may sua sponte dismiss a complaint under Rule 12(b)(6) after service of process only if the plaintiff is afforded an opportunity to respond." *Bethea v. Nation of Islam*, 248 F. App'x 331, 333 (3d Cir. 2007) (citing *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n. 5 (3d Cir.1990)); *see also Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3d Cir. 1976) ("While no motion to dismiss had been filed, a district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint." (quoting *Literature, Inc. v. Quinn*, 482 F.2d 372, 374 (1st Cir. 1973))).

In the September 21, 2020 Memorandum Opinion, the Court explained as follows:

> Given the Court's holding that Lowe's federal securities fraud claims against Hilliard, ReliaStar, and Voya are time-barred and cannot be cured by amendment, and given the fact that Lowe's claim for federal securities fraud against Bedillion is seemingly substantively identical to her federal securities fraud claims

asserted against Hilliard, ReliaStar and Voya, this Court is inclined to find that the federal securities fraud claim set forth at Count IX is "patently meritless and beyond all hope of redemption." *See Dunk Rizzo*, 2014 WL 1863517, at \*1. Further, Lowe has effectively been provided notice of, and an opportunity to respond to, potential dismissal of her federal securities fraud claims on the basis of the applicable limitations periods by the Moving Defendants' Motions, but has elected not to directly address the arguments raised by the Moving Defendants. In an abundance of caution, the Court will provide Lowe an opportunity to address possible distinctions, if any, presented by her federal securities fraud claim against Bedillion that would cause this Court's above analysis to not apply to her federal securities fraud allegations against Bedillion. The Court notes that it is not extending an opportunity for Lowe to brief issues that this Court has already decided; but, rather an opportunity to attempt to distinguish the federal securities fraud claims at issue and dismissed herein respecting Moving Defendants and Lowe's federal securities fraud claims against Bedillion at Count IX. Pending the Court's decision regarding whether to dismiss the federal securities fraud claim set forth at Count IX, the Court will hold all Motions to Dismiss and issues raised therein in abeyance.

Mem. Op. 23, ECF No. 113. On September 28, 2020, Lowe filed a timely Response to this Court's September 21, 2020 directive to show cause regarding possible dismissal of her federal securities fraud claim against Bedillion. In her Response, Lowe states that she does not oppose dismissal of her federal securities fraud claim asserted against Bedillion at Count IX of the Complaint. Lowe's Response provides as follows:

In response to this Court's Order of September 21, 2020, Plaintiff hereby states her non-opposition to the dismissal of Plaintiff's claim for federal securities fraud against Defendant Roger Bedillion, at Count IX of Plaintiff's Amended Complaint. Plaintiff specifically reserves all rights with respect to the remaining claims asserted in her Amended Complaint.

Resp. 1, ECF No. 115.

For the reasons discussed in this Court's September 21, 2020 Memorandum Opinion, the Court finds that its holding in the September 21, 2020 Memorandum Opinion is applicable to Lowe's federal securities fraud claim asserted against Bedillion at Count IX of the Complaint. The Court further finds that the federal securities fraud claim set forth at Count IX against Bedillion is "patently meritless and beyond all hope of redemption," *see Dunk Rizzo*, 2014 WL 1863517, at

*1, because it is barred by the applicable limitations period and cannot be cured by amendment, and that Lowe's federal securities fraud claim against Bedillion at Count IX of the Complaint should thus be dismissed with prejudice.  Further, because all of Lowe's federal claims in this matter have been dismissed,[1] this Court has been divested of original subject matter jurisdiction,[2] and the Court will thus exercise its discretion to remand this action to the Court of Common Pleas of Washington County, Pennsylvania for all further proceedings.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C.A. § 1367(a).  A district court may, however, decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C.A. § 1367(c)(3).  In making a determination to decline to exercise supplemental jurisdiction, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  *Growth Horizons, Inc. v. Delaware Cty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon*

---

[1] Each of the remaining twenty-three Counts set forth in the Complaint are state-law claims.  While Counts IX and X are dismissed with prejudice to the extent that they assert claims for federal securities fraud, the Court has rendered no decision as to whether her state-law claims under the Pennsylvania Securities Act of 1972 should also be dismissed.  Accordingly, Counts IX and X remain to the extent that they assert state-law securities fraud claims.

[2] The Court no longer has original subject matter jurisdiction under 28 U.S.C. § 1331 because all of Lowe's federal claims have been dismissed.  The Court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1332 because Lowe is a citizen of the same state, Pennsylvania, as some of the Defendants in this action.  *See* Compl.  ¶¶ 3; 4; 14; 15, ECF No. 51.

*Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  A district court has discretion to remand a removed case involving pendent claims to state court where it determines that "retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon*, 484 U.S. at 357.

In dismissing Lowe's federal securities fraud at Count X against Hilliard, ReliaStar, and Voya and her claim for federal securities fraud against Bedillion at Count IX, the Court has dismissed all claims over which it had original jurisdiction in this matter.  Further, the Court finds that the factors of judicial economy, convenience, fairness, and comity all weigh in favor of this Court declining to exercise supplemental jurisdiction over Lowe's remaining state-law claims. With respect to judicial economy and convenience, the Court notes that this case is at a very early stage of the litigation process, as only two Defendants have answered the Complaint, deadlines for discovery have yet to be scheduled, and the Court has decided only a single issue raised in three of the seven pending Motions to Dismiss.  *See Carnegie-Mellon*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.").  Accordingly, the Court finds that the factors of judicial economy and convenience weigh in favor of declining to exercise supplemental jurisdiction over Lowe's state-law claims.

The Court further finds that the factors of fairness and comity weigh heavily in favor of declining to exercise supplemental jurisdiction in this matter.  State courts have a strong interest in applying state law, and a remand of this action will ensure that the parties receive a "surer-footed reading" of applicable state law with respect to Lowe's twenty-three state-law claims.  *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." (quoting *Gibbs*, 383 U.S. at 726));

*see also Carnegie-Mellon*, 484 U.S. at 349-50 (explaining that the Supreme Court in *Gibbs* "recognized that a federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties."); *Boyd v. 320 Mt. Prospect LLC*, No. 2:18-CV-8770-SDW-SCM, 2020 WL 3492053, at *4 (D.N.J. May 19, 2020), *report and recommendation adopted*, No. 18-CV-8770 (SDW) (SCM), 2020 WL 3489675 (D.N.J. June 26, 2020) ("The state has a strong interest in interpreting issues of state law, and the Superior Court of New Jersey has a much greater interest in adjudicating state law claims than does this Court.").  For these reasons, the Court declines to exercise supplemental jurisdiction over Lowe's remaining claims, all of which are state-law claims, and will instead remand those claims to the Court of Common Pleas of Washington County, Pennsylvania for all further proceedings.

Accordingly, upon consideration of Lowe's Response to Order to Show Cause, and for the reasons discussed above, it is hereby ORDERED that:

1) Lowe's claim for federal securities fraud against Defendant Roger P. Bedillion at Count IX is dismissed with prejudice.

2) The Court declines to exercise supplemental jurisdiction over Lowe's remaining state-law claims.  This matter is remanded, forthwith, to the Court of Common Pleas of Washington County, Pennsylvania for all further proceedings.

3) The Clerk of Courts shall mark this case as CLOSED.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

Dated: September 29, 2020

cc/ecf: All counsel of record

6